



JAMES C. MAXEY, ESQ., PRO SE
5130 COLUMBINE WAY
CARMICHAEL, CALIFORNIA 95608
(916) 627-6544

DEC 30 2014

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES C. MAXEY | CIVIL COMPLAINT NO.: 2:14-CV-2996 TLN AC |
| PLAINTIFF, | PURSUANT TO THE FEDERAL TORT CLAIMS ACT (FTCA) PURSUANT TO GOVERNMENT CODE SECTION 910 ET SEQ. |
| V. | PURSUANT TO THE TORTURE VICTIMS PROTECTION ACT (TVPA) |
| UNITED STATES, | GROSS VIOLATIONS OF HUMAN RIGHTS |
| DEPARTMENT OF THE AIR FORCE, | MEDICAL MALPRACTICE |
| PRESIDENT BARACK OBAMA, | BRAIN AND SATELLITE SURVEILLANCE |
| VICE PRESIDENT JOSEPH BIDEN, | CONSPIRACY |
| US ATTORNEY GEN. ERIC HOLDER, | TORTURE |
| GEORGE H. W. BUSH, | MEDICAL NEGLIGENCE |
| JEB BUSH, | OBSTRUCTION OF JUSTICE PURSUANT TO TITLE 18 USC SECTION 1510 |
| GEORGE W. BUSH, | |
| GOVERNOR EDMUND G. BROWN, | OBSTRUCTION OF JUSTICE PURUSANT TO TITLE 18 USC SECTION 1512 |
| SENATOR BARBARA BOXER, | OBSTRUCTION OF JUSTICE PURSUANT TO TITLE 18 USC SECTION 1519 |
| WILLIAM JEFFERSON CLINTON, | |
| REPRESENTATIVE AMI BERA, | DEMAND FOR A TRIAL BY JURY |
| SENATOR DIANNE FEINSTEIN, | |
| US ATTORNEY BENJAMIN WAGNER, | |
| STATE ATT. GEN. KAMALA HARRIS, | |
| AND DOES 1 THROUGH 999. | |
| DEFENDANTS. | |

## INTRODUCTION

1. Plaintiff brings this civil action against Defendants for committing among the greatest human rights violations in United States history.  Physicians with the US Air Force wrongfully violated the United States Constitution and Article Seven of the United Nations International Covenant on Civil and Political Rights which states: 'No one shall be subjected to torture or to cruel, inhuman or degrading treatment or punishment.  In particular, no one shall be subjected without his free consent to medical or scientific experimentation'.

2. On, or about November 15, 2013, Plaintiff discovered that on, or about July 22, 1969, the Office of President Richard Nixon conspired with the United States Air Force, National Republican Party, United States National Security Agency, United States Department of Justice and physicians (including Captain Henry G. Jackson JR. USAF, MC) to surgically insert (as an infant) satellite microchip implant technology into Plaintiff's brain, eyes and body.

3. On, or about February 10, 2014, Plaintiff discovered the medical facts of this lawsuit.

4. On, or about February 10, 2014, Plaintiff discovered that on, or about July 22, 1969, an incision was made (under anesthesia) in the Plaintiff's scalp and a hole drilled in his skull.  Satellite microchip implant technology was placed on the surface of Plaintiff's brain.  As small as an aspirin, implants used thin metal electrodes to 'listen' to Plaintiff's brain activity and in some cases stimulate brain activity.

5. Plaintiff pleads to this Court for application of the 'injury discovery accrual rule' which ties accrual to the time when Plaintiff first knew or should have known of medical malpractice and medical and scientific experimentation.  Plaintiff pleads to this Court for application of the 'injury discovery accrual rule' because it was difficult for him to observe, or understand the nature of Defendant's medical malpractice and medical and scientific experimentation because its cause has been hidden or beyond that which an ordinary reasonable person could be expected to understand.  Plaintiff demonstrated due diligence in pursuing

discovery of the claim.  Discovery was not, or could not reasonably have been made sooner.  The cause of action accrued when the plaintiff first became aware of the medical facts of this lawsuit on February 10, 2014.

6. In order to fraudulently conceal and prevent public disclosure of satellite microchip implant technology surgically (as an infant) inserted into Plaintiff's brain, eyes and body by physicians with the United States Air Force; Defendants under cut Plaintiff's credibility by developing a 'cover-story' that he is (1) mentally-ill; (2) a homosexual; and/or (3) a criminal.

## JURISDICTION AND VENUE

7. The proper Court for filing this complaint is the United States District Court.  It would be a proper Court for the trial of the cause of actions to which the claims relate.  The United States District Court for the Eastern District of California has original jurisdiction.  This Court would have jurisdiction over this action.  Venue is proper in this jurisdiction because Defendants have agents, have offices or operations, and/or do business in this County.  Numerous acts, transactions, wrongs and breaches of contract give rise to violations of civil and criminal law within this State in Court on the merits.

## PROCEDURAL HISTORY AND ADMINISTRATIVE RELIEF

8. Plaintiff has met the requirements pursuant to the Federal Tort Claims Act in accordance with Government Code Sections 910 et seq.

9. Defendants actions fall within the meaning of the Torture Victims Protection Act (TVPA).

10. Plaintiff has exhausted all remedies pursuant to the Torture Victims Protection Act (TVPA).

11. On, or about July 7, 2014, Plaintiff submitted a Claim for Damage, Injury or Health to the United States Air Force on a Standard Form 95 Form.

12. On September 22, 2014, Defendant, the Department of the Air Force rejected (denied) Plaintiff's Claim for Damage, Injury or Death under the provisions of the Federal Tort Claims Act (FTCA).

13. On, or about April 11, 2014, Plaintiff filed an application for an emergency hearing and temporary restraining order in United States District Court case no: ('James C. Maxey v. United States of America').

14. On April 14, 2014, United States District Court for the Eastern District of California denied Plaintiff's application for an emergency hearing and temporary restraining order.

<u>NATURE OF ACTION</u>

15. Plaintiff brings this legal action seeking remedies under the Federal Tort Claims Act. This is civil action under the Federal Tort Claims Act in accordance with Government Code Sections 910 et seq. for declaratory and injunctive relief, for actual damages, exemplary damages, punitive damages; and for all other relief which this Court deems just and proper under all circumstances.  Plaintiff seeks remedies pursuant to the Federal Tort Claims Act (FTCA) and Torture Victims Protection Act (TVPA).

16. Under the guise of national security, medical and scientific progress, Plaintiff has (from 1969-present time) involuntarily served as a 'guinea pig'  for national security, scientific and medical experimentation such as the research and development of microchip implant technology, GPS technologies, Remote-Neural Monitoring (RNM), neuro-electromagnetic terrorism, electronic harassment, behavior modification and other 'Nazi type' secret experiments.

17. On, or about July 15, 2013, Plaintiff briefly met with Rupert Murdoch (United Kingdom) in Sacramento County.  In order to fraudulently conceal and prevent public disclosure of scientific and medical experimentation and satellite microchip implant technology surgically inserted into Plaintiff's brain, eyes and body by physicians with Sewart Air Force Base in Tennessee; Rupert Murdoch deceptively coerced Plaintiff into believing that intelligence agencies, individuals and companies inaccurately linked Plaintiff with terrorism and Al Qaeda.  Plaintiff filed over a hundred lawsuits in order to disclose this information to the public.  Plaintiff apologizes to this Court for these actions.  Plaintiff pleads to this Court for its understanding of the Plaintiff's genuine attempts to whistle-blow and publicly disclose the existence of gross human rights violations and a criminal (RICO) enterprise.

## PARTIES

18. Plaintiff, **James C. Maxey**, is a disabled United States citizen and resident of the County of Sacramento and State of California.  Plaintiff's mailing address is 5130 Columbine Way Carmichael, California 95608.

19. The **Department of the Air Force**, Air Force Legal Operations Agency - 1500 Perimeter Road, Suite 1700, Joint Base Andrews, MD 20762., is a federal agency which serves as a military and political subdivision of the United States.  The Department of the Air Force implemented policies, practices, procedures and customs used by employees with the Department of the Air Force.  Defendant acted under color of state and federal law at the time of the claims.

20. Defendant, **the Office of the United States President** (1969-2008), is a resident of (1600 Pennsylvania Avenue – NW, Washington, D.C. 20500) Washington D.C. Defendants was at all times material to the allegations in this complaint.  Defendants acted on behalf of the United States Air Force, Office of the President, National Security Agency, Senate Intelligence Committee, Central Intelligence Committee and Richard Nixon. Defendant acted under color of state and federal law at the time of these claims.

21. Defendant, the **National Security Agency** (Ft. Meade, Maryland) is a law enforcement agency representing the United States federal government.  The National Security Agency implemented policies, practices, procedures and customs used by employees with the National Security Agency.  Defendant acted under color of state and federal law at the time of these claims.

22. Defendant, **President Barack Obama** of 1600 Pennsylvania Avenue – NW, Washington, D.C. 20500 is a resident of Washington D.C. and was at all times material to this action conducting substantial business in the County of Sacramento and State of California while acting in his capacity as President of the United States.  Defendant was at all times material to the allegations in this complaint.  Defendant acted on behalf of the Department of the Air Force, State of California, Governor Edmund G. Brown, National Democrat Party, National Security Agency, Senate Intelligence Committee and George W. Bush.  Defendant acted under federal law at the time of these claims.

23. Defendants are the **United States of America** meaning the several States of the United States, the District of Columbia, the commonwealths, territories and possessions of the United States.

24. **Fulton Oaks Apartments**, 2633 Fulton Avenue, Sacramento, CA. 95821, Defendant acted on behalf of the Department of the Air Force, United States, State of California, Sheriff Scott Jones, Governor Edmund G. Brown, District Attorney Jan Scully, Senator Barbara Boxer, Senator Barbara Feinstein and National Security Agency. Defendant acted under color of state and federal law at the time of the claims

25. Defendant, **Attorney General Eric Holder**, 905 Pennsylvania Avenue – NW, Washington DC 20530-0001, is a resident of Washington DC.  Defendant was at all times material to the allegations in this complaint acting in his capacity as United States Attorney General.  Defendant acted on behalf of the Department of the Air Force, President Barack Obama, Governor Edmund G. Brown and US Department of Justice.  Defendant acted under color of state and federal law at the time of the claims.

26. Defendant, **Attorney General Kamala Harris**, 1300 I Street, Sacramento, CA. 95814, is a resident of California.  Defendant was at all times material to the allegations in this complaint acting in her capacity as Attorney General.  Defendant acted on behalf of the Department of the Air Force, President Barack Obama, Governor Edmund G. Brown, State of California, Governor Edmund G. Brown, Senator Barbara Boxer, Senator Barbara Feinstein, National Security Agency, California Department of Justice and US Attorney General Eric Holder.  Defendant acted under state and federal law at the time of the claims

27. Defendant, **Governor Edmund G. Brown**, Governor's Office, Sacramento, CA. 95814, is a resident of California.  Defendant was at all times material to the allegations in this complaint, acting in his capacity as Governor.  Defendant acted on behalf of the Department of the Air Force, State of California, Senator Barbara Boxer, Senator Barbara Feinstein, National Security Agency and government labor union organizations.  Defendant acted under color of state and federal law at the time of these claims.

28. Defendant, **George W. Bush** (address to be determined) is a resident of Texas.  Defendant was at all times material to the allegations in this complaint acting in his capacity as President.  Defendant acted on behalf of the Department of the Air Force, Jeb Bush, Richard Cheney, Governor Edmund G. Brown and National Security Agency.  Defendant acted under state and federal law.

29. Defendant, **Jeb Bush** (address to be determined) is a resident of Florida.  Defendant was at all times material to the allegations in this complaint acting in his capacity as Governor.  Defendant acted on behalf of the Department of the Air Force, State of Florida, National Republican Party, National Security Agency and Federal Bureau of Investigation.  Defendant acted under color of state and federal law.

30. Defendant, **Senator Barbara Boxer**, 501 I Street, Sacramento, California 95814, was a resident of California at all times material to the allegations in this complaint, acting in her capacity as United States Senator.  Defendant acted on behalf of the Department of the Air Force, National Security Agency and Governor Edmund G. Brown.  Defendant acted under color of state and federal law at the time of the claims

31. Defendant, **Senator Dianne Feinstein**, 1 Post Street, Suite 2450, San Francisco, CA. 94104, was a resident of California at all times material to the allegations in this complaint acting in her capacity as United States Senator.  Defendant acted on behalf of the Department of the Air Force, State of California, National Security Agency and Senate Intelligence Committee.  Defendant acted under state and federal law at the time of claims.

32. Defendant, **Vice President Joseph Biden,** Office of the Vice-President, Eisenhower Executive Office Building, Washington, DC 20501, is a resident of Delaware and was at all times material to this action acting in his capacity as Vice-President.  Defendant acted on behalf of the Department of the Air Force, Office of the President, United States House Intelligence Committee, National Security Agency, US Department of Justice, Federal Bureau of Investigation, United States Secret Service, State of Delaware, Senator Barbara Boxer and Senator Dianne Feinstein.  Defendant acted under color of state and federal law at the time of these claims.

33. Defendant, **Representative Ami Bera**, 11070 White Rock Road, Rancho Cordova, CA. 95670, is a resident of Sacramento County and was at all times material to this action, acting in his capacity as a United States Congressman.  Defendant, Ami Bera acted on behalf of the Department of the Air Force, United States, State of California, County of Sacramento,  Governor Edmund G. Brown, National Democrat Party, California Teachers Association, National Security Agency, Senate Intelligence Committee, Senator Barbara Boxer and Senator Dianne Feinstein.  Defendant acted under color of state and federal law at the time of these claims.

34. Defendant, **Kaiser Foundation Hospital**, 1680 East Roseville Parkway, Roseville, CA. 95661, and employees (John Does 1-99) were at all times material to the allegations.

35. Defendant, **Sacramento County District Attorney Jan Scully**, 901 G Street, Sacramento, California 95814, is a resident of Sacramento County and was at all times material to the allegations in this complaint acting in her capacity as District Attorney. Defendant acted on behalf of the Department of the Air Force, President Barack Obama, Governor Edmund G. Brown, United States, State of California, County of Sacramento, City of Sacramento, National Republican Party, California Teachers Association, National Security Agency, Senate Intelligence Committee, George W. Bush,  Daniel Lundgren, Arnold Schwarzenegger, Senator Barbara Boxer, Senator Feinstein and government labor union associations.  Defendant acted under state and federal law at the time of these claims.

36. Defendant, **Sheriff Scott Jones,** 711 G Street, Sacramento, California 95814, is a resident of Sacramento County and was at all times material to the allegations in this complaint acting in his capacity as Sheriff.  Defendant acted on behalf of the United States Air Force, President Barack Obama, Governor Edmund G. Brown, United States, State of California, Sacramento County, National Republican Party, Sacramento County Deputy Sheriffs Association, California Teachers Association, National Security Agency, Governor Edmund G. Brown, Arnold Schwarzenegger and government labor union associations. Defendant acted under state and federal law at the time of these claims.

37. **William Jefferson Clinton,** 15 Old House Lane, Chappaqua, New York 10514, is a resident of New York.  Defendant was at all times material to the allegations in this complaint acting in his capacity as President.  Defendant acted on behalf of the Department of the Air Force, United States, State of New York, Governor Edmund G. Brown, Senator Barbara Boxer, Senator Barbara Feinstein and National Security Agency.  Defendant acted under color of state and federal law.

38. **Arnold Schwarzenegger** (address to be determined) is a resident of California. Defendant was at all times material to the allegations in this complaint acting in his capacity as Governor.  Defendant acted on behalf of the Department of the Air Force, State of California, Public Employment Relations Board, Governor Edmund G. Brown, National Republican Party, California Teachers Association, National Security Agency, Senate Intelligence Committee, George W. Bush, Governor Edmund G. Brown and the California Department of Justice.  Defendant acted under color of state and federal law at the time of these claims.

39. Defendant, **Gray Davis** (address to be determined) is a resident of California. Defendant was at all times material to the allegations in this complaint acting in his capacity as Governor.  Defendant was at all times material to the allegations in this complaint acting in his capacity as Governor.  Defendant acted on behalf of the Department of the Air Force, President Barack Obama, Governor Edmund G. Brown, State of California, County of Sacramento, National Republican Party, California Teachers Association, National Security Agency, and government labor union organizations.  Defendant acted under state and federal law at the time of these claims.

40. Defendant, **James Carter** (address to be determined) is a resident of Georgia. Defendant was at all times material to the allegations in this complaint acting in his capacity as President.  Defendant acted on behalf of the Department of the Air Force, United States, Governor Edmund G. Brown, State of California, County of Sacramento and National Security Agency.  Defendant acted under state and federal law at the time of these claims.

41. Defendant, **Richard Nixon** (address to be determined) is a resident of Washington DC. Defendant was at all times material to the allegations in this complaint acting in his capacity as President.  Defendant acted on behalf of the Department of the Air Force, United States, National Security Agency, Central Intelligence Agency, National Republican Party and government labor union organizations.  Defendant acted under state and federal law at the time of these claims.

42. Defendant, **Anne Gus**, Governor's Office, Sacramento, CA. 95814, is a resident of Sacramento County. Defendant was at all times material to the allegations in this complaint, acting as Attorney for Governor Edmund G. Brown.  Defendant acted on behalf of the Department of the Air Force, President Barack Obama, Governor Edmund G. Brown, State of California, County of Sacramento, Governor Edmund G. Brown, California Teachers Association, National Security Agency and government labor union organizations. Defendant acted under state and federal law at the time of these claims.

43. Defendant **Benjamin Wagner**, 510 I Street, Sacramento, CA 95814, is a resident of Sacramento County, California.  Defendant was at all times material to the allegations in this complaint acting in his capacity as United States Attorney.  Defendant acted on behalf of the Department of the Air Force, President Barack Obama, Governor Edmund G. Brown, State of California, County of Sacramento, Governor Edmund G. Brown, California Teachers Association, National Security Agency, Senate Intelligence Committee,  Governor Edmund G. Brown, Daniel Lundgren, Arnold Schwarzenegger, Senator Barbara Boxer, Senator Dianne Feinstein and California Department of Justice.  Defendant acted under color of federal law at the time these claims occurred.

44. Defendant, **Robert M. Maxey (**address to be determined) is a resident of Placer County. Defendant was at all times material to the allegations in this complaint acting in his position as employee with Valley Springs Church, Granite Bay, California.  Robert M. Maxey acted on behalf of the Department of the Air Force, President Barack Obama, Governor Edmund G. Brown, United Kingdom, National Security Agency, State of California, County of Sacramento, National Republican Party, California Teachers Association, National Security Agency, Senate Intelligence Committee, George W. Bush,  Arnold Schwarzenegger,

Senator Barbara Boxer, Senator Dianne Feinstein, Federal Bureau of Investigation, US Secret Service, US Department of Justice, Placer County and government labor union associations.  Defendant acted under state and federal law at the time of these claims.

45. Defendant, **Ramona Williams** (address to be determined) is a resident of Amador County, California.  Defendant acted in her capacity as Co-Owner of Blue Valley Hardwood Flooring Inc. and fund-raiser for the State of California and National Republican Party. Defendant acted on behalf of the Department of the Air Force, President Barack Obama, Governor Edmund G. Brown, the United Kingdom, State of California, County of Sacramento, National Republican Party, California Teachers Association, National Security Agency, Senate Intelligence Committee, George W. Bush, President Barack Obama, Governor Edmund G. Brown, Arnold Schwarzenegger, Senator Barbara Boxer, Federal Bureau of Investigation, US Secret Service, US Department of Justice and government labor union organizations.  Defendant acted under color of state and federal law at the time of these claims.

46. Defendant, **Ronald Williams** (address to be determined) is a resident of Amador County, California.  Defendant acted in his capacity as Co-Owner of Blue Valley Hardwood Flooring Inc. and fund-raiser for the State of California and National Republican Party. Defendant acted on behalf of the Department of the Air Force, President Barack Obama, Governor Edmund G. Brown, Sacramento County Sheriff Scott Jones, United Kingdom, State of California, Amador County, County of Sacramento, National Republican Party, and Contractors State License Board.  Defendant acted under color of state and federal law at the time of these claims.

47. Defendant, **Patricia Staines,** 1650 Response Road, Sacramento, CA. 95815, is a resident of Sacramento, California and was at all times material to the allegations in this complaint.  Defendant acted in her capacity as Physical Therapist with Kaiser Foundation Hospital.  Defendant acted on behalf of the Department of the Air Force, President Barack Obama, Governor Edmund G. Brown, US Attorney General Patricia Staines, State Attorney General Kamala Harris, District Attorney Jan Scully, County Sheriff Scott Jones, Kaiser Foundation Hospital, State of California, County of Sacramento, National Republican Party, National Security Agency, Arnold Schwarzenegger, Senator Barbara Boxer and government labor union associations.  Defendant acted under state and federal law at the time these claims occurred.

48. Defendant, **Frances Anderson,** 5130 Columbine Way, Carmichael, CA. 95608, is a resident of Sacramento County, California.  Defendant acted on behalf of the Department of the Air Force, President Barack Obama, Governor Edmund G. Brown, the United States, United Kingdom, State of California, County of Sacramento and Sacramento County Sheriffs Department.  Defendant acted under state and federal law at the time these claims occurred.

49. Does 1 through 999, inclusive and therefore sue these defendants by such fictitious names.  Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.  Plaintiff is informed and believes, and alleges, that each fictitiously named defendant is responsible in some manner for the occurrences herein alleged and that Plaintiff's damages were proximately caused thereby.  Each of Defendants, individually and in concert with the others, acted under color in his/her official authority to deprive Plaintiff's of their rights to freedom from illegal searches, unlawful arrest, detention and imprisonment.

## COMPLAINT

50. Physicians with the United States Air Force wrongfully violated the United States Constitution and Article Seven of the United Nations International Covenant on Civil and Political Rights which states: 'No one shall be subjected to torture or to cruel, inhuman or degrading treatment or punishment.  In particular, no one shall be subjected without his free consent to medical or scientific experimentation'.

51. On, or about November 15, 2013, Plaintiff discovered that on, or about July 22, 1969, President Richard Nixon conspired with the United States Air Force, United States National Security Agency, Central Intelligence Agency, United States Department of Justice and physicians (including Captain Henry G. Jackson JR. USAF, MC) with the US Air Force to surgically insert (as an infant) satellite microchip implant technology into Plaintiff's brain, eyes and body.

52. On, or about February 10, 2014, Plaintiff discovered the medical facts of this lawsuit.

53. Plaintiff pleads to this Court for application of the 'injury discovery accrual rule' which ties accrual to the time when a Plaintiff first knew or should have known of his injury apply in this case.  On, or about February 10, 2014, Plaintiff discovered that on, or about July 22, 1969, (under anesthesia) an incision was made in the Plaintiff's scalp and a hole drilled in his skull.  Satellite microchip implant technology was placed on the surface of Plaintiff's brain.  As small as an aspirin, implants used thin metal electrodes to 'listen' to Plaintiff's brain activity and in some cases stimulate brain activity.

54. Plaintiff pleads to this Court for application of the 'injury discovery accrual rule' because it was difficult for him to observe, or understand the nature of a defendant's wrongful act, or when an injury or its cause is hidden or beyond that which an ordinary reasonable person could be expected to understand.  Plaintiff demonstrated due diligence in pursuing discovery of the claim.  Discovery was not, or could not reasonably have been, sooner

made.  The cause of action accrues (February 10, 2014) when the plaintiff first became aware, or through reasonable diligence could have become aware, that the defendant's negligence was the cause of the injury.

55. Defendants have subjected Plaintiff to torture.  Plaintiff is being subjected to remote-delivered human torture via electronic shocks to his head, body and groin.  Defendants have administered torture by way of radio signals and high energy microwave pulses beamed into the Plaintiff's residence.  Signals Intelligence implemented and kept this technology secret in the same manner as other electronic warfare programs of the United States government.  These frequencies pinpoint a target anywhere on Earth and penetrate water, rock, concrete and other dense matter.  Plaintiff is being subjected to remote-delivered human torture via electronic shocks to his head, body and groin.  Defendant, the National Security Agency is delivering electronic shock treatment via Remote Neural Monitoring twenty-four hours a day.  These experimental methods violate the United States Constitution and Article Seven of the United Nations International Covenant on Civil and Political Rights which states: 'No one shall be subjected to torture or to cruel, inhuman or degrading treatment or punishment.  In particular, no one shall be subjected without his free consent to medical or scientific experimentation'.  The NSA Signals Intelligence implemented and kept this technology secret in the same manner as other electronic warfare programs of the United States government.  The NSA is responsible for prolonged physical and mental suffering and great bodily harm.  Defendants are conducting an illegal and unwarranted government (24 hours a day) surveillance by way of satellite microchip implant technology surgically inserted into Plaintiff's brain, eyes and body.

56. Plaintiff has been subjected to torture via Remote Neural Monitoring and imposed (24 hours a day) observation of the Plaintiff's belongings, person and surroundings through the use of electronic listening devices, video recording, special imaging and every other means of observing Plaintiff's possessions or routines.  Defendants are subjecting the Plaintiff to prolonged physical and mental harm.  Without any contact with the Plaintiff, Remote Neural Monitoring can map out electrical activity from the visual cortex of the Plaintiff's brain and show images from the Plaintiff's brain on a video monitor.  Defendants sees what the Plaintiff's eyes are seeing.  Visual memory can also be seen.

57. Remote Neural Monitoring has become the ultimate surveillance system.  It is being used against the Plaintiff by a limited number of agents in the US Intelligence Community. Remote Neural Monitoring is a form of functional neuro imaging claimed to have been developed by the National Security Agency (NSA) that is capable of extracting EEG data from the human brain at a distance with no contacts or electrodes required.  It is further claimed that the NSA has the capability to decode this data to extract sub vocalizations, visual and auditory data.  In effect it allows access to the Plaintiff's thoughts without their knowledge or permission.  Defendants are using Remote Neural Monitoring on the Plaintiff for torture, surveillance and harassment purposes.  Plaintiff has not broken any laws.

58. These experimental methods are cruel and unusual punishment and violate the United States Constitution and Article Seven of the United Nations International Covenant on Civil and Political Rights.  Plaintiff has been subjected to torture and to medical and scientific experimentation which is cruel, inhuman or degrading treatment and punishment. Article Seven of the United Nations International Covenant on Civil and Political Rights states: 'No one shall be subjected to torture or to cruel, inhuman or degrading treatment or punishment.  In particular, no one shall be subjected without his free consent to medical or scientific experimentation'.

59. Defendants are responsible for prolonged physical and mental suffering causing great bodily harm.  Plaintiff's bio electrical field can be remotely detected so he can be monitored anywhere he is.  The NSA has proprietary electronic equipment that analyzes electrical activity in humans from a distance.  With this special EMF equipment, NSA cryptologists can remotely read evoked potentials.

60. The NSA records and decodes individual brain maps (of hundreds of thousands of people) for national security purposes, EMF Brain Stimulation is also secretly used by the military for Brain-to-Computer Link (for example, in a military fighter aircraft).

61. Defendants have illegally profited from the Plaintiff's participation in the research and development of proprietary electronic equipment that analyzes electrical activity in humans from a distance, medical and scientific experimentation, research and development of satellite microchip implant technology, GPS technologies, Remote-Neural Monitoring (RNM), neuro-electromagnetic terrorism, electronic harassment, behavior modification and other 'Nazi type' secret experiments.

62. NSA Signals Intelligence uses EMF Brain Stimulation for Remote Neural Monitoring (RNM) and Electronic Brain Link (EBL) with the Plaintiff.  The NSA monitors available information about this technology and withholds national security, medical and scientific research from the public.  NSA personnel simply dial up the Plaintiff on the Signals Intelligence EMF scanning network and the NSA's computers will then pinpoint and track him (24 hours a day).  Defendants are delivering electronic shock treatment via Remote Neural Monitoring twenty-four hours a day.

63. Over the course of decades, Defendants generated monetary compensation from Plaintiff's involuntary service as a 'guinea pig' for national security, medical and scientific experimentation.   From on, or about July 22, 1969, through the present time, Defendants have financially exploited Plaintiff.  In order to fraudulently conceal and prevent public disclosure of billions of dollars illegally generated by Plaintiff's forced labor and illegally directed to the Department of the Air Force, United States, US Department of Justice, United States Military, Office of the President, United Kingdom, State of California, government labor union organizations, County of Sacramento, City of Sacramento, Governor Edmund G. Brown, Kamala Harris, George W. Bush, Mayor Kevin Johnson, Sacramento Kings Professional Basketball Franchise Inc., Federal Bureau of Investigation, National Security Agency, United States Department of Justice, United States Attorney General Eric Holder, United States Attorney's Office, United States Attorney Benjamin Wagner, United States Secret Service and county, state and federal law enforcement agencies and government labor union organizations.

64. In order to fraudulently conceal and prevent public disclosure of impeachable offenses, mandatory forfeiture of public office, fines and imprisonment; Defendants undercut Plaintiff's credibility by developing a 'cover-story' that he is (1) mentally-ill; (2) homosexual; and/or (3) a criminal.  Plaintiff pleads this Court require doubts be resolved in favor of permitting this suit to go forward on the merits.  Any doubts are to be resolved in favor of permitting the suit to proceed.  The Plaintiff simply wants his day in Court.

## STATEMENT OF FACTS

65. Plaintiff brings this civil action against the Defendants for committing among the greatest human rights violations in United States history.  Physicians with the United States Air Force wrongfully violated the United States Constitution and Article Seven of the United Nations International Covenant on Civil and Political Rights which states: 'No one shall be subjected to torture or to cruel, inhuman or degrading treatment or punishment.  In particular, no one shall be subjected without his free consent to medical or scientific experimentation'.

66. On, or about November 15, 2013, Plaintiff learned that on, or about July 22, 1969, the Office of President Richard Nixon conspired with the United States National Security Agency, United States Department of Justice and physicians (including Captain Henry G. Jackson JR. USAF, MC) to surgically insert (as an infant) satellite microchip implant technology into Plaintiff's brain, eyes and body.

67. On, or about February 10, 2014, Plaintiff discovered the medical facts of this lawsuit:

68. On, or about February 10, 2013, Plaintiff discovered that on, or about July 22, 1969, physicians with the United States Government (Father's employer) surgically inserted (as an infant) satellite microchip implant technology into Plaintiff's brain, eyes and body.

69. Under anesthesia, an incision was made in Plaintiff's scalp and a hole drilled in his skull. The device was placed on the surface of Plaintiff's brain.  As small as an aspirin, implants used thin metal electrodes to 'listen' to Plaintiff's brain activity and in some cases stimulate brain activity.

70. Plaintiff pleads to this Court for application of the 'injury discovery accrual rule' which ties accrual to the time when the Plaintiff first knew or should have known of his injury apply in this case.  On, February 10, 2014, Plaintiff discovered the facts of this lawsuit.  Plaintiff pleads to this Court to apply the 'injury discovery accrual rule' because it was difficult for him to observe and understand the nature of Defendant's wrongful act.   The injury was hidden beyond that which an ordinary reasonable person could be expected to understand.  Plaintiff demonstrated due diligence in pursuing discovery of the claim.  The cause of action accrues when the Plaintiff first became aware, or through reasonable diligence could have become aware, that the Defendant's negligence was the cause of the injury.

71. The first brain implants were surgically inserted in 1974 in the state of Ohio (USA) and also in Stockholm (Sweden).  Plaintiff was criminally implanted with satellite microchip implant technology (against his will) over five years earlier.

72. In the 1950's and 1960's, satellite microchip implant technology was surgically inserted into the brains of animals and humans, especially in the United States during research into behavior modification and brain functioning.  This work is part of a wider research field called brain-computer interface research including technology such as EEG arrays that allow interface between mind and machine.

73. Electroencephalography is the method used and science of recording and interpreting traces of brain electrical activity as recorded from the skull surface.  These technologies were conceived to enable people with paralysis and other disabilities to interact with computers or control robotic arms, all by simply thinking about such actions.  These technologies could well be in consumer electronics too.

74. Diagnostic communication with the microchip implant device can take place wirelessly. Technologies have been conceived to enable people with paralysis and other disabilities to interact with computers and control robotic arms, all by simply thinking about such actions. Before too long these technologies could well be in consumer electronics too. Due to the knowledge of the working of the visual system, eye implants (often involving some brain implants or monitoring) have brought demonstrated success.

75. Defendants have subjected Plaintiff to torture via Remote Neural Monitoring and imposed (24 hours a day) observation of the Plaintiff's belongings, person and surroundings through the use of electronic listening devices, video recording, special imaging and every other means of observing Plaintiff's possessions or routines. Defendants are subjecting the Plaintiff to prolonged physical and mental harm. Without any contact with the Plaintiff, Remote Neural Monitoring can map out electrical activity from the visual cortex of the Plaintiff's brain and show images from the subject's brain on a video monitor. Defendants sees what the Plaintiff's eyes are seeing. Visual memory can also be seen. Without any contact with the Plaintiff, Remote Neural Monitoring maps out his electrical activity from the visual cortex of the Plaintiff's brain and shows images from the subject's brain on a video monitor. NSA operatives see what the Plaintiff's eyes are seeing.

76. Defendants have subjected Plaintiff to torture. Plaintiff is being subjected to remote-delivered human torture via electronic shocks to his head, body and groin. Defendants are conducting an illegal and unwarranted government (24 hours a day) surveillance by way of satellite microchip implant technology surgically inserted into Plaintiff's brain, eyes and body.

77. From on, or about January 21, 1978, through the present time, Defendants have administered torture by way of radio signals and high energy microwave pulses beamed into the Plaintiff's residence.  Signals Intelligence implemented and kept this technology secret in the same manner as other electronic warfare programs of the United States government.

78. Defendants have financially exploited the Plaintiff.  Under the guise of national security, medical and scientific progress, Plaintiff has (from 1969-present time) involuntarily served as a 'guinea pig'  for national security, scientific and medical experimentation such as the research and development of microchip implant technology, GPS technologies, Remote-Neural Monitoring (RNM), neuro-electromagnetic experimentation shock treatment, electronic harassment, behavior modification and other 'Nazi type' secret experiments.

79. The Bush Family has wrongfully obstructed justice pursuant to Title 18 USC Sections 1510, 1512 and 1519.  The founders of Amway are the largest contributors to the Bush Family's so-called New World Order which is high tech offspring of the Michigan Militia.

80. Defendants are closely associated with the National Republican Party and government labor union organizations engaged with the responsibility for the nomination and election of persons elected to local, state and national political office.

81. Plaintiff alleges that between January 21 1978, through the present time, Defendants directed illegal profits to local, state and National Republican Party candidates.

82. Plaintiff has been targeted by a covert unit of the National Security Agency that operates like Nazi Gestapo agents without regard for human or constitutional rights.

83. These persons have gang stalked Plaintiff who has attempted to escape the subculture.

84. Michigan is the only state in the nation to enact legislation outlawing this type of electronic harassment and electromagnetic terrorism which leads credibility to the fact that these covert operations exist.

85. In order to fraudulently conceal and prevent public disclosure of billions of dollars illegally directed to the Department of the Air Force, State of California and government labor union organizations; Defendants developed a 'cover story' to undercut Plaintiff's credibility.  Defendants discredited, defamed, slandered and fraudulently misrepresented Plaintiff's mental health, sexual orientation and criminal background to county, state and federal law enforcement agencies, as well as, the public in general.

86. Since the early 1980's, GPS technologies have been freely available to anyone with a GPS receiver. GPS technologies positively affected interstate and foreign commerce with increased sales and worldwide production.  GPS technologies are well-known for its military uses and was first developed by the United States to aid in its global intelligence efforts at the height of the Cold War.  Commercial and private use is still relatively new.

87. In order to fraudulently conceal and prevent public disclosure of national security spy ware, human medical and scientific experimentation, human rights violations, forfeiture of public office, fines and imprisonment; Defendant, Department of the Air Force wrongfully obstructed justice pursuant to Title 18 USC Section 1510, 1512 and 1519.  Defendants illegally influenced federal criminal investigations by the Federal Bureau of Investigation and US Secret Service.  Defendants defamed, slandered and fraudulently misrepresented Plaintiff's mental health, sexual orientation and criminal background to county, state and federal law enforcement agencies.

88. Defendant wrongfully violated 18 USC Section 1512.  Defendant, the Department of the Air Force conspired with the US Secret Service to criminally coerce Plaintiff into authorizing the release of false and fabricated medical records.  From on, or about January 18, 2012, through the present time, the United States Department of Justice obstructed justice pursuant to Title 18 USC Section 1512 by hindering, delaying and preventing an investigation into human rights violations and satellite microchip implant technology surgically inserted (as an infant) into Plaintiff's brain, eyes and body.  Defendants conspired with Kaiser Foundation Hospital doctors and employees to alter, falsify and fabricate Plaintiff's confidential medical records.  On, or about November 15, 2013, United States Secret Service agents corruptly visited Plaintiff's home.  On, or about November 15, 2013, United States Secret Service agents confirmed the existence of satellite microchip implant technology surgically inserted (as an infant) into Plaintiff's brain, eyes and body.  United States Secret Service agents criminally coerced Plaintiff into not legally challenging human rights violations in federal court.  United States Secret Service agents criminally coerced Plaintiff into not seeking legal action against Defendants.  United States Secret Service agents illegally intimidated and coerced Plaintiff into not seeking legal remedies.

89. The conduct of the Department of the Air Force criminally violated Title 18 of United States Code Section 1519.  From on, or about January 18, 2012, through the present time; Defendant, Department of the Air Force has conspired with the United States Secret Service to obstruct justice.  Defendants illegally obtained and used an invalid subpoena duces tecum to obtain Plaintiff's falsified and fabricated medical information and medical records.  Defendants have illegally altered and falsified medical record documentation and illegally violated Plaintiff's due process rights under the United States Constitution.

Defendant illegally denied Plaintiff an opportunity to object, quash or dispute the release of falsified medical records.

90. In order to fraudulently conceal and prevent public disclosure of satellite microchip implant technology, human rights violations, mandatory forfeiture of public office, fines and imprisonment; Defendant, Kaiser Foundation Hospital (as shown) obstructed justice pursuant to Title 18 USC Sections 1510, 1512 and 1519.  Kaiser Foundation Hospital provided economic, employment and real estate inducements to Kaiser Foundation Hospital employees, in return for, the alteration, falsification and fabrication of Plaintiff's confidential subpoena duces tecum and unauthorized medical records.  Defendant, Kaiser Foundation Hospital conspired with the Department of the Air Force, Dr. Timothy Cucich, Patricia Staines, Elly Willerup, Dr. Karla LaCayo, Dr. Rupina Mann and others with Kaiser Foundation Hospital to wrongfully violate Plaintiff's civil rights.  Defendant altered, destroyed and fabricated information entered into Plaintiff's medical files.  In order to fraudulently conceal and prevent public disclosure of human rights violations by Kaiser Foundation Hospital; Defendants conspired with Dr. Timothy Cucich attempted to undercut Plaintiff's credibility by fraudulently misrepresenting Plaintiff's mental health, sexual orientation and criminal background to county, state and federal law enforcement agencies, as well as, in the Plaintiff's confidential medical records.

91. What makes these crimes so heinous is that the most sophisticated techniques of psychological warfare have been employed against Plaintiff in order to undercut his credibility and make him look like he is mentally-ill, crazy or homosexual.  The ultimate goal is the financial exploitation of Plaintiff, and, serious injury or his death.

## FIRST CAUSE OF ACTION – BRAIN AND SATELLITE SURVEILLANCE

## NATIONAL SECURITY AGENCY – MEDICAL NEGLIGENCE

### (By Plaintiff Against All Defendants)

92. Plaintiff hereby re alleges and incorporates herein by this reference each and every allegation contained in paragraphs 1 through 91 inclusive, as if fully set forth at this point.

93. On, or about February 10, 2014, Plaintiff discovered that on, or about July 22, 1969, physicians with the United States Air Force (Father's employer) surgically inserted (as an infant) satellite microchip implant technology into Plaintiff's brain, eyes and body.

94. Under anesthesia, an incision was made in Plaintiff's scalp and a hole drilled in his skull. The device was placed on the surface of Plaintiff's brain.  As small as an aspirin, implants used thin metal electrodes to 'listen' to Plaintiff's brain activity and in some cases stimulate brain activity.

95. Plaintiff pleads to this Court or application of the 'injury discovery accrual rule' because it was difficult for the Plaintiff to observe, or understand the nature of Defendant's wrongful act

96. Although the first brain implants were surgically inserted in 1974 in the state of Ohio (USA) and also in Stockholm (Sweden), Plaintiff was criminally implanted with satellite microchip implant technology (against his will) over five years earlier.

97. Plaintiff's bio electrical field can be remotely detected so he can be monitored anywhere.   With special EMF equipment, NSA cryptologists can remotely read evoked potentials (from EEGs).  Signals Intelligence implemented and kept this technology secret in the same manner as other electronic warfare programs of the United States government.  The NSA records and decodes individual brain maps (of hundreds of thousands of people) for national security purposes.

98. Defendants have subjected Plaintiff to torture via Remote Neural Monitoring and imposed (24 hours a day) observation of the Plaintiff's belongings, person and surroundings through the use of electronic listening devices, video recording, special imaging and every other means of observing Plaintiff's possessions or routines.  Defendants are subjecting the Plaintiff to prolonged physical and mental harm.

99. Defendants have subjected Plaintiff to torture. Plaintiff is being subjected to remote-delivered human torture via electronic shocks to his head, body and groin.  In addition, Defendants are conducting an illegal and unwarranted government (24 hours a day) surveillance by way of satellite microchip implant technology surgically inserted into Plaintiff's brain, eyes and body.

100. The NSA has proprietary electronic equipment that analyzes electrical activity in humans from a distance.  The NSA has illegally profited from the research and development of proprietary electronic equipment that analyzes electrical activity in humans from a distance, national security, medical and scientific experimentation, research and development of microchip implant technology, GPS technologies, Remote-Neural Monitoring (RNM), neuro-electromagnetic experimentation, electronic harassment, behavior modification and other 'Nazi type' secret experiments.

101. The NSA monitors available information about this technology and withholds national security, medical and scientific research from the public.  NSA personnel can dial up any individual in the country on the Signals Intelligence EMF scanning network and the NSA's computers will then pinpoint and track that person (24 hours a day).

102. What makes these crimes so heinous is that the most sophisticated techniques of psychological warfare have been employed against Plaintiff in order to make him look like he is mentally-ill or crazy.  The ultimate goal is the financial exploitation of Plaintiff, and, the destruction of his life which will isolate him from family and friends.  The isolation is needed to access the person to conduct many medical and scientific experiments on him.  Thus, all privileges and constitutional rights are thus stripped away.  Defendants and others acted under color of federal law at the time claims occurred.  These violations of federal law resulted in damages to Plaintiff.  WHEREFORE, Plaintiff prays judgment against Defendants.  The undersigned declares under penalty of perjury that he is the plaintiff in the above action and that he has read the above complaint, and that the information contained therein is true and correct.

Name: _James  C.  Maxey_
Printed

Signature: _Ymis C. ms Cey_
Signature

Executed at Carmichael, California on December 30, 2014

- 30 -

## PRAYER FOR RELIEF – RELIEF REQUESTED

WHEREFORE, Plaintiff hereby prays for the following:

1. This is civil action under the Federal Tort Claims Act in accordance with Government Code Sections 910 et seq. for actual damages, exemplary damages, punitive damages; and for all other relief which this Court deems just and proper under all circumstances.  Plaintiff seeks remedies pursuant to the Torture Victims Protection Act (TVPA).

2. That this Court liberally construe 'The Federal Tort Claims Act';

3. That Plaintiffs be awarded relief and those damages and to which it appears he is entitled to by the proof submitted in this case for their physical and mental pain and suffering; both past and future; permanent injury and disability; loss of earnings; loss of enjoyment of life; loss of Plaintiff's personality and medical and psychological expense; both past and future;

4. For prevention of Defendants from causing such further injuries;

5. For punitive and exemplary damages in an amount to be proven at trial;

6. For pain and suffering in an amount to be proven at trial;

7. For impairment to reputation and standing;

8.  For the intentional infliction of physical and psychological injuries; and,

9. For such further and other relief as this Court deems just and proper.

10. Plaintiff seeks $500,000,000 for compensatory damages, actual damages, exemplary damages, punitive damages; and for all other relief which this Court deems just and proper.

DEMAND FOR A JURY TRIAL – Plaintiff hereby demands trial by jury on all issues issues triable to a jury lawfully concerned.

The undersigned declares under penalty of perjury that he is the plaintiff in the above action and that he has read the above complaint, and that the information contained therein is true and correct.


Name: _____James  C.  Maxey_____

*Printed*


Plaintiff: _____James C. Maxey_____

*Signature*


Executed at Carmichael, California 95608 on December 30, 2014

## VERIFICATION

The undersigned declares under penalty of perjury that he is the plaintiff in the above action and that he has read the above complaint, and that the information contained therein is true and correct.


Name: _____ *James C. Maxey* _____
                              *Printed*


Signature: _____ *James C. Maxey* _____
                              *Signature*


Executed at Carmichael, California on December 30, 2014